Filed 7/21/14  P. v. Nichols CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER REED NICHOLS,<br><br>Defendant and Appellant. | H040602<br>(Santa Clara County<br>Super. Ct. No. C1234709) |

Defendant Christopher Reed Nichols pleaded no contest to a count of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)),[1] a count of possession of ammunition by a felon (§ 30305, subd. (a)(1)), and a count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)).  On appeal, defendant's counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Counsel has declared defendant was notified an independent review under *Wende* was being requested.  We notified defendant of his right to submit written argument on his own behalf within 30 days.  The 30-day period has elapsed, and we have not received a written response from defendant.

Pursuant to *Wende*, we reviewed the entire record and found no arguable issues. We will therefore provide "a brief description of the facts and procedural history of the

---

[1] Further unspecified statutory references are to the Penal Code.

case, the crimes of which the defendant was convicted, and the punishment imposed."
(*People v. Kelly* (2006) 40 Cal.4th 106, 110 (*Kelly*).)

**FACTUAL AND PROCEDURAL BACKGROUND**

*The Offense*

On May 8, 2012, Santa Clara County Sheriff's Deputies Tyler Fleckner and Ryan Schaefers stopped a car while patrolling the Santa Cruz mountains after observing it had cracks on the front windshield and a broken brake light. Fleckner asked defendant, who was the driver, for his license, registration, and insurance. The sole passenger in the car was Danny Jose Abellera.

Some time after initiating the traffic stop, Fleckner noticed an odor of marijuana coming from the car's interior. Fleckner asked defendant if he had marijuana inside the car, and defendant asserted he did not. Abellera said he had marijuana in his pocket. Fleckner checked to see if either defendant or Abellera had outstanding warrants, which they did not.

Fleckner then asked defendant and Abellera to step outside the car and conducted a search. Fleckner found marijuana inside Abellera's pocket and did not find anything on defendant. Fleckner still smelled marijuana emanating from the car, so he proceeded to search the car's interior. He found a container wedged between the seat and center console containing a white crystalline substance, which tested presumptively positive for methamphetamine. After continuing the search, Fleckner found two rifle magazines loaded with bullets. He also found a black plastic rifle case with a rifle inside in the car's compartment area.[2]

---

[2] Because the car was a Jeep, there was no physical separation between the driver and cargo areas of the car.

*Procedural Background*

On October 4, 2012, the district attorney filed an information charging defendant with possession of a firearm by a felon (§ 29800, subd. (a)(1)), possession of ammunition by a felon (§ 30305, subd. (a)(1)), and possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). It was further alleged defendant had a prior conviction (§ 667.5, subd. (b)).

Defendant filed a motion seeking discoverable materials pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531, 535. The court granted the motion and conducted an in camera hearing. Following the hearing, the court ordered certain records released under a protective order.

On April 23, 2013, defendant filed a motion to suppress evidence pursuant to section 1538.5, arguing the evidence seized during the search of the car was the result of an illegal search and seizure. Initially, defendant sought to call Abellera to testify about a statement he made while stopped by the officers the day of the arrest. Abellera asserted his Fifth Amendment right against self-incrimination, and defendant chose not to call him to testify during the hearing.

Later, defendant sought to introduce Abellera's statement by calling an investigator from the public defender's office to testify. Defendant asserted Abellera told the investigator he gave one of the deputies a medical marijuana card during the encounter. Defendant contended Abellera's statement would be admissible as a statement against penal interest under Evidence Code section 1230.[3] The trial court

---

[3] "Evidence of a statement by a declarant having sufficient knowledge of the subject is not made inadmissible by the hearsay rule if the declarant is unavailable as a witness and the statement, when made, was so far contrary to the declarant's pecuniary or proprietary interest, or so far subjected him to the risk of civil or criminal liability, or so far tended to render invalid a claim by him against another, or created such a risk of making him an object of hatred, ridicule, or social disgrace in the community, that a (continued)

3

concluded Abellera's statement would not be admissible as a statement against penal interest, because his comment about giving deputies a medical marijuana card was exculpatory, not incriminating.

Defendant then asked the court if it would revisit its finding of privilege and allow Abellera to testify on the limited issue of whether he presented deputies with a medical marijuana card during the encounter. The court declined, concluding that "even [Abellera's] admission that he was there is a step in the chain towards criminality when there were contraband items found in the vehicle."

Defendant asked the court to consider granting Abellera judicial immunity. The court declined. Subsequently, the court denied defendant's motion to suppress, concluding there was a basis for the initial traffic stop due to the Vehicle Code violations, and the smell of the marijuana emanating from the car constituted sufficient probable cause to search the car's interior.

On August 22, 2013, defendant pleaded no contest to a count of possession of a firearm by a felon (§ 29800, subd. (a)(1)), a count of possession of ammunition by a felon (§ 30305, subd. (a)(1)), and a count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). The People moved to dismiss the allegation of defendant's prior conviction, which the court granted.

On January 10, 2014, the trial court suspended imposition of sentence and imposed probation for a period of three years, subject to various terms and conditions, including a term of six months in county jail. Defendant was also ordered not to possess or consume illegal controlled substances or knowingly go to places where illegal controlled substances are the primary item of sale. The trial court imposed a restitution fine of $240 plus a 10 percent administration fee pursuant to section 1202.4, a matching

reasonable man in his position would not have made the statement unless he believed it to be true." (Evid. Code, § 1230.)

4

$240 probation revocation restitution fine suspended pursuant to section 1202.44, a $50 criminal laboratory analysis fee plus penalty assessments, a $150 drug program fee plus penalty assessments, and a $70 AIDS education fine plus penalty assessments. The court also ordered defendant pay a $120 court security fee, a $90 criminal conviction assessment fee, a $259.50 criminal justice administration fee, and a $40 per month probation supervision fee. Defendant was awarded four days of custody credits, consisting of two actual days plus two days conduct credit.

## DISCUSSION

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *Kelly*, *supra*, 40 Cal.4th 106, we have independently reviewed the entire record, including the sealed transcript of the *Pitchess* hearing, and have found no arguable issues on appeal.

## DISPOSITION

The judgment is affirmed.

_____
Premo, Acting P.J.

WE CONCUR:

_____
Elia, J.

_____
Mihara, J.

5